DRY DOCK SAVINGS INSTITUTION, Plaintiff, *v.* 103 EAST 75TH STREET APARTMENTS, INC., Defendant.*

Supreme Court, Special Term, New York County, October 19, 1945.

* See, also, *Dry Dock Sav. Inst.* v. *Grant,* 186 Misc. 599.— [REP.

*George L. Allin* and *Joseph R. Shaughnessy* for defendant.

*John H. Van Surdam* for plaintiff.

DINEEN, J. Motion for judgment on the pleadings is granted in favor of defendant. The original extension agreement extended the maturity of the mortgage to August 1, 1941. The agreement of January 10, 1941, reduced the interest to 3% for a specified period ending on November 1, 1941. By necessary implication the payment of the principal was not to be required until the last-mentioned date. Thus there was an agreement to extend the mortgage for the period from August 1, 1941, to November 1, 1941. If a default had occurred on or after the latter date and prior to any superseding agreement defendant would have been protected by section 1077-cc of the Civil Practice Act during the existence of the present emergency, from any demand for a higher rate of interest than 3%. In *Title Guarantee & Trust Co.* v. *2846 Briggs Ave.* (283 N. Y. 512) the agreement was to reduce the interest rate for a limited period which did not extend beyond the date of maturity of the mortgage. Hence, in that case, there was no extension of the mortgage by reason of the agreement to reduce the interest.

In the present case, after November 1, 1941, the mortgage was carried as an open one until the agreement of December 21, 1942, and the question is whether that agreement was simply and solely an agreement reducing the rate of interest and therefore not subject to the provisions of section 1077-cc of the Civil Practice Act or whether it effected a further extension of the mortgage and was consequently within the restraining provisions of the statute (*Klein* v. *Simons Mfg. Co.*, 288 N. Y. 482). I am of the opinion that the agreement was of the last-mentioned character. It was more than an agreement to reduce the interest for a period prior to the maturity of the mortgage. The mortgage was then overdue and the agreement fixed a reduced rate of interest for the period from November 1, 1942, to November 1, 1943. Despite the expressed disclaimer of any intention to extend the maturity of the loan the agreement did, in fact, extend it. Since defendant was required to pay interest on the loan up to November 1, 1943, it could not have been intended that the principal should be entirely paid prior to that date. In fact amortization up to $6,500 was provided for within the period. So it seems manifest that the agreement effected an extension of the mortgage to November 1, 1943.

Settle judgment declaring that interest recoverable during the emergency period shall be at the rate prescribed by the **agreement** of December 21, 1942.